**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOVEDEEP A., | No. 1:26-cv-01070 JLT FJS (HC) |
| Petitioner, | A-Number: 220-717-803 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART (Doc. 11) |
| WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al., | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondents. | |

Lovedeep A. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 26, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 11.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 10 days. (Doc. 11.) On April 4, 2026, Respondents filed objections. (Doc. 12.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Respondents' objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis in part. As the magistrate judge explained, and Respondents do not dispute, Petitioner appears to have been previously released parole. (*See* Doc. 11 at 2.) The magistrate judge also correctly

1

explained that such release necessarily required Respondents to conclude that Petitioner was not a danger or flight risk. (*Id*. at 5.) Thus, his re-detention apparently without any changed circumstance is therefore a due process violation. *Id*. Petitioner has alleged, and Respondents do not refute, that "[f]or nearly four years, Petitioner lived peacefully in the community, maintained employment, complied with all ICE reporting requirements, and posed no danger to the community or flight risk." (Doc. 1, ¶ 20.) Under these circumstances, the appropriate remedy is immediate release on the same conditions previously applicable to Petitioner. *See Polo v. Chestnut*, No. 1:25-CV-01342 JLT HBK, 2025 WL 2959346, at *7 (E.D. Cal. Oct. 17, 2025).

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 16, 2026, (Doc. 11), are **ADOPTED** in part.

2. The petition for writ of habeas corpus is **GRANTED**.

3. Respondents are **ORDERED TO RELEASE** Petitioner immediately.

4. Respondents are **ENJOINED**[1] from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter where the government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a flight risk or danger to the community.

5. The Clerk of Court is directed to serve the Golden State Annex with a copy of this Order and to thereafter enter judgment and close the case.

IT IS SO ORDERED.

Dated: __**April 7, 2026**__

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here SHALL be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's SHALL provide a bond hearing in the timeframe required by law.